UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **D'ANGELO MALIK WALKER** | **CIVIL ACTION NO. 19-242-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JACOB TUCKER** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff D'Angelo Malik Walker, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in his court on February 25, 2019. Plaintiff is currently incarcerated at the Catahoula Correctional Center, but claims his civil rights were violated while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Jacob Tucker as defendant.

Plaintiff claims that on December 1, 2018, Deputy Mejia placed him in lockdown. He claims that after he was placed in lockdown, Deputy Jacob Tucker sexually harassed him. He claims Tucker told him that "now that [you're] in lockdown I can finally jack off to you." He claims Tucker then grabbed his penis through his pants and shook it as he laughed and smiled.

Accordingly, Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

The Eighth Amendment prohibition of cruel and unusual punishment proscribes wanton infliction of unnecessary pain upon a prisoner by prison officials. An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

Plaintiff has failed to satisfy the first prong of the test. Defendant's verbal sexual harassment and gestures are not sufficiently serious and pervasive to permit redress under the constitution. Plaintiff's exposure to verbal sexual harassment and gestures does not present an actionable claim under Section 1983. See Jane Doe 5 v. City of Haltom City, 2004 WL 1777253 (5th Cir.2004)(unpubl.); Bender v. Brumley, 1 F.3d 271, 274 (5th Cir.1993); Cooper v. Caddo Corr. Ctr., CIV A 06-0009-P, 2007 WL 471185, (W.D. La. Jan. 11, 2007)

Accordingly, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge